JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF
# CALIFORNIA SOUTHERN DIVISION

| | |
|---|---|
| NAM BA NGUYEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ORANGE COUNTY SOCIAL SERVICE AGENCY CHILDREN AND FAMILY, et al.,<br><br>　　　　Defendants. | No. SA CV 22-1880-DOC (PLA)<br><br>**ORDER REVOKING *IN FORMA PAUPERIS* STATUS AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br><br>Honorable David O. Carter<br>United States District Judge |

Nam Ba Nguyen ("Plaintiff") initiated this action on October 13, 2022, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint" or "Compl.") (Dkt. 1), along with a Request to Proceed Without Prepayment of Filing Fees ("IFP Request"). (Dkt. 2). On October 21, 2022, the District Judge previously assigned to this matter granted plaintiff's IFP Request because plaintiff demonstrated that he is not able to pay the filing fee. (Dkt. 4). Due to a clerical error in the initial assignment of this action, on October 21, 2022, the case was reassigned to this Court for all further proceedings. (Dkt. 5).

After IFP status had been granted, this Court reviewed the Complaint and now observes that although plaintiff purports to allege that *his* civil rights have been violated (Compl. at 2), the gravamen of the Complaint is that plaintiff's two children have been falsely imprisoned by the County

agency for fourteen years (since 2009 when they were then aged 8 and 5), and that one of his sons was "force[d] to take many mental health medication[s]." (Compl. at 5, 6).[1] Plaintiff's requested relief is that his two children (currently approximately ages 22 and 19) be compensated in the amount of $3,000,000 for their fourteen years of false imprisonment. (*Id.* at 7). Accordingly, it appears to the Court that plaintiff is bringing this action on behalf of his children, and is attempting to represent his children in the process.

Plaintiff, a non-lawyer, does not have standing to raise the claims of other persons whose rights may have been violated. *United States v. Mitchell*, 915 F.2d 521, 526 n.8 (9th Cir. 1990). While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Central District Local Rule 83-2.2.1 also provides that "[a]ny person representing himself . . . in a case without an attorney must appear pro se for such purpose. That representation may not be delegated to any other person -- even a spouse, relative, or co-party in the case. A non-attorney guardian for a minor or incompetent person must be represented by counsel." C.D. Local Rule 82-2.2.1. There is no evidence presented that plaintiff has been appointed as a guardian for either of his children (both of whom are longer minors); neither does plaintiff allege that he has suffered the harm alleged in this action.

A federal court has "an 'independent obligation' to assess whether it has jurisdiction" before proceeding to the merits of a case. *Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2292 (2021)(quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)); *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."). The Court may dismiss a case summarily if the pleading presents an obvious jurisdictional issue. *See, e.g.*, *Scholastic Ent. Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985, 989 (9th Cir. 2003) (a court may dismiss *sua sponte* and without notice for lack of subject matter jurisdiction without violating due process).

It is plaintiff's burden as the party seeking to invoke federal jurisdiction to establish an Article III injury on the face of the pleading. To establish the "irreducible constitutional minimum" of Article III standing to bring an action, a plaintiff must have: (1) suffered "an injury in fact," (2) "that is fairly traceable to the challenged conduct" of the defendant, and he or she must seek (3) "a remedy that is likely to redress

---

[1] For ease of reference, the Court refers to the ECF-generated page numbers of the Complaint.

that injury" by a favorable court decision. A federal court lacks subject matter jurisdiction if a plaintiff fails to establish Article III standing. In this case, plaintiff fails to show that he personally suffered a particularized or concrete "injury in fact," that is "fairly traceable" to the challenged actions of the County as alleged in the Complaint.

Because plaintiff has failed to meet his burden of establishing that he has Article III standing to raise any of the claims alleged in this action, and because he is proceeding pro se in this action and does not have standing to raise any federal claims on behalf of his children, the Court lacks subject matter jurisdiction. *See J.R. by and through Rizzi v. Palos Verdes Peninsula Unified School Dist.*, 2021 WL 4553056, at *2-3 (C.D. Cal. Oct. 5, 2021). Plaintiff's IFP status is hereby **REVOKED** and the October 21, 2022, Order granting plaintiff leave to proceed IFP (Dkt. 4) is **VACATED.**

IT IS THEREFORE ORDERED that the Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

DATED: October 26, 2022

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE